J-A03002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENSEY SHANFELT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PROGRESSIVE ADVANCED | : | No. 1804 EDA 2022 |
| INSURANCE COMPANY | : | |
| | : | |
| Appellee | : | |

Appeal from the Order Entered June 29, 2022
In the Court of Common Pleas of Carbon County Civil Division at No(s):
No. 21-1614

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 21, 2023**

Appellant Kensey Shanfelt ("Appellant") appeals from the June 29, 2022, order entered in the Court of Common Pleas of Carbon County, which granted Appellee Progressive Advanced Insurance Company's ("Progressive") motion for judgment on the pleadings and dismissed Appellant's complaint for declaratory judgment in its entirety with prejudice. After a careful review, we affirm.

The relevant facts and procedural history are as follows: On July 23, 2021, Appellant filed a complaint against Progressive seeking a declaratory judgment that she is entitled to stacked Underinsured Motorist Benefits.

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant alleged that, on June 4, 2012, her father, Kenneth W. Shanfelt ("Mr. Shanfelt"), purchased an automobile insurance policy ("the policy") from Progressive, which identified Mr. Shanfelt as the named insured with Appellant and her mother, Holly J. Shanfelt ("Mrs. Shanfelt"), as insured drivers. The policy listed three covered vehicles: a 2010 Ford Focus, a 2008 Ford Escape, and a 2000 Ford Taurus. Appellant averred that at all relevant times she resided with her parents, Mr. and Mrs. Shanfelt. She also averred the three listed vehicles were owned by Mr. and Mrs. Shanfelt.

The policy's declaration page outlined Underinsured Motorist Benefits in the amount of $100,000 each person/$300,000 each accident separately for all three automobiles listed in the policy. However, on June 4, 2012, Mr. Shanfelt, the named insured, executed an Underinsured Motorist Stacking Waiver. Neither Mrs. Shanfelt nor Appellant executed an Underinsured Motorist Stacking Waiver related to the policy.

Thereafter, twice in 2015, Mr. Shanfelt requested vehicles be removed from the policy and replaced with different vehicles. Each time, no additional changes were made to the policy, and another Underinsured Motorist Stacking Waiver was not executed.

Appellant alleged that, on June 12, 2017, Mrs. Shanfelt and Appellant purchased a 2013 Ford Edge. She asserted Mr. Shanfelt was not an owner of the 2013 Ford Edge. Appellant averred Mrs. Shanfelt requested that one of the vehicles, which was owned by Mr. Shanfelt and Mrs. Shanfelt, be removed

- 2 -

from the policy, and the 2013 Ford Edge, which was owned by Appellant and Mrs. Shanfelt, be added to the policy. No further changes were made to the policy. Neither Appellant nor Mrs. Shanfelt executed an Underinsured Motorist Stacking Waiver.

On April 13, 2021, while Appellant was operating the 2013 Ford Edge in Lehigh Township, she was struck by another driver, Shelly Carney ("Ms. Carney"), who was operating a 2019 Nissan Rogue. Appellant alleged she suffered serious and permanent injuries from the accident. Ms. Carney had an automobile insurance policy with Geico Secure Insurance Company ("Geico"), which provided for a bodily injury liability limit of $100,000 each person/$300,000 each accident. Geico tendered to Appellant the individual policy limit of $100,000.

Appellant then made a demand of stacked Underinsured Motorist Benefits in the amount of $300,000 from Progressive; however, Progressive denied the demand. Accordingly, Appellant filed the instant complaint seeking a declaration that she is entitled to stacked Underinsured Motorist Benefits in the amount of $300,000 as it relates to the April 13, 2021, motor vehicle collision.

On September 27, 2021, Progressive filed an answer with new matter. As it relates to the three vehicles initially listed in the policy (the 2010 Ford Focus, the 2008 Ford Escape, and the 2000 Ford Taurus), Progressive averred "[t]he owners of the vehicles are not identified by the application and hence

- 3 -

the remaining allegations [regarding ownership] are denied." Progressive's Answer with New Matter, filed 9/27/21, at ¶ 6. As to Appellant's assertions she resided with Mr. and Mrs. Shanfelt; Appellant and Mrs. Shanfelt were exclusively the owners of the 2013 Ford Edge; and, Mr. and Mrs. Shanfelt were the sole owners of prior vehicles listed on the policy, Progressive responded as follows: "[a]fter reasonable investigation, answering defendant is unable to admit or deny these allegations and will insist upon strict proof of same at the time of trial." *Id.* at ¶¶ 8, 16, 18, 19.

In its new matter, Progressive asserted the named insured, Mr. Shanfelt, signed a valid Section 1738 stacking rejection on June 4, 2012, and a new stacking waiver is not required when a vehicle listed in the policy is replaced by another vehicle. Thus, Progressive argued stacking is not available pursuant to the policy at issue.

On July 27, 2022, Progressive filed a motion for judgment on the pleadings. Progressive averred it is undisputed the named insured, Mr. Shanfelt, executed a valid waiver of stacked Underinsured Motorist Benefits on June 14, 2012, with three vehicles listed in the policy. Progressive further averred it is undisputed that, twice in 2015 and once in 2017, vehicles were removed and added; however, each time, three vehicles remained listed in the policy. Progressive asserted that "[a]t all relevant times since the waiver form was signed the policy issued by Progressive insured three vehicles with

$100,000 per person/$300,000 per accident non-stacked benefits." Progressive's Motion, filed 7/27/22, at ¶ 12.

Progressive asserted "[t]he declarations pages issued by Progressive in force at the time of the loss noted that the coverages for the three listed vehicles, which included the 2013 Ford Edge…, was non-stacked." *Id.* at ¶ 13. Accordingly, Progressive contended that, since the initial waiver of stacking form was in effect at the time of Appellant's accident, she is not entitled to the stacking of Underinsured Motorist Benefits such that Progressive is entitled to judgment on the pleadings as a matter of law.

On February 18, 2022, Appellant filed a reply in opposition to Progressive's motion for judgment on the pleadings. Therein, Appellant averred the trial court should deny Progressive's motion since (1) there is a dispute regarding material issues of fact (*i.e.*, ownership of the vehicles subject to the policy), and (2) Progressive is not otherwise entitled to judgment as a matter of law.

On June 29, 2022, the trial court entered an order granting Progressive's motion for judgment on the pleadings[1] and dismissing Appellant's complaint for declaratory judgment in its entirety with prejudice. The trial court filed an

---

[1] It is well-settled that "[a] motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact, and the moving party is entitled to judgment as a matter of law." **Southwestern Energy Production Co. v. Forest Resources, LLC**, 83 A.3d 177, 185 (Pa.Super. 2013) (quotation omitted).

opinion in support of its order on that same date. This timely appeal followed.

On August 1, 2022, the trial court directed Appellant to file a Pa.R.A.P. 1925(b)

statement,[2] and Appellant timely complied on August 17, 2022.

In her court-ordered Rule 1925(b) statement, Appellant raised the following issues (verbatim):

1. The trial court erred by granting Defendant's Motion for Judgment on the Pleadings because:

   a. The Order and Amended Memorandum Opinion are contrary to the Motor Vehicle Financial Responsibility Law and Pennsylvania public policy;

   b. The Motor Vehicle Financial Responsibility Law permits intrapolicy stacking of underinsured motorist benefits;

   c. Any waiver of stacking was void based upon the failure of the Defendant/Appellee to request and receive updated waivers when the policy was amended on April

---

[2] We note Pa.R.A.P. 1925(b)(3) provides as follows:

(3) *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:
(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
(ii) that the Statement shall be filed of record;
(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and
(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (italics in original).

In the case *sub judice*, the trial court's order complies with Subsection 1925(b)(3) in all respects. Further, we note the certified docket entries reveal the Prothonotary served the trial court's Rule 1925(b) order upon Appellant in accordance with Pa.R.C.P. 236.

23, 2015, and July 2, 2015, to add and/or remove vehicles from the policy;

d. Any waiver of stacking was void based upon the failure of the Defendant/Appellee to offer Plaintiff/Appellant a new waiver when the policy was amended on April 23, 2015, and July 2, 2015, to add and/or remove vehicles from the policy;

e. Any waiver of stacking was void because the vehicle added to the policy was owned by a person who was not previously the owner of any vehicle insured under the policy, thereby requiring the Defendant/Appellee to obtain a new waiver; and

f. Th[e] Court erred by failing to distinguish between the legal requirements for obtaining a waiver for a replacement vehicle rather than a vehicle owned by different persons, including a person not previously insured under the policy.

Appellant's Rule 1925(b) Statement, filed 8/17/22, at 1-2. The trial court filed a Rule 1925(a) opinion on August 24, 2022.

On appeal, Appellant contends the following:

I. The trial court prematurely granted judgment on the pleadings without permitting the parties to conduct discovery on the disputed factual issues relating to the addition of a new vehicle on the motor vehicle insurance policy.

Appellant's Brief at 10 (bold omitted).[3]

___

[3] While Appellant phrased her issue slightly different in the "Statement of the Question Involved" portion of her brief, the issue we set forth is from the Argument heading of her brief. As discussed *infra*, the entire Argument portion of Appellant's brief is dedicated to her averment the trial court erred in failing to order additional discovery to resolve alleged disputed issues of material facts. Thus, to the extent Appellant's "Statement of the Question Involved" raises a different issue than the one developed in the Argument portion of her brief, absent relevant argument, we find it to be waived. ***See*** Pa.R.A.P. 2119.

Appellant contends there are genuine issues of material fact, and Progressive improperly filed its motion for judgment on the pleadings prior to the completion of discovery. *Id.* at 11. She suggests that, during oral argument on Progressive's motion for judgment on the pleadings, she requested discovery regarding the ownership of the vehicles in the policy, including the 2013 Ford Edge, as well as for discussions between Progressive's agent and Appellant "when the vehicle was added to the policy." *Id.* at 12. Appellant asserts the trial court did not have sufficient information to answer the pertinent legal questions regarding Appellant's right to Underinsured Motorists Benefits since the issues "arise from facts not currently known because of the lack of discovery." *Id.* at 13. Consequently, Appellant contends that, since factual issues remain to be resolved, "this Court should vacate the grant of the Motion for Judgment on the Pleadings and remand for further discovery." *Id.* at 16.

Preliminarily, we address whether Appellant has properly preserved her appellate issue for our review. Pa.R.A.P. 1925(b) provides, in relevant part, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). As this Court has recognized:

> Our Supreme Court intended the holding in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998),] to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised....Indeed, our Supreme Court does not countenance

anything less than stringent application of waiver pursuant to Rule 1925(b)[.]

***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (some citations and internal quotation marks omitted; emphasis in original).

Moreover, in interpreting Rule 1925(b), our Supreme Court recently held as follows:

> The purpose of a Rule 1925(b) statement is to facilitate appellate review and to provide the parties and the public with the legal basis for a judicial decision. To this end, Rule 1925(b)(4)(ii) provides that the Rule 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). Highlighting this need for conciseness, Rule 1925(b)(4)(iv) indicates that the Rule 1925(b) statement "should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). On the other hand, the Rule 1925(b) statement cannot be too concise, as it must properly specify the errors to be addressed on appeal....Pursuant to Rule 1925(b)(5)(vii), "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."

> To ensure that a Rule 1925(b) statement is both concise but also sufficiently detailed to identify all of the issues desired to be raised on appeal, Rule 1925(b)(4)(v) provides that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue that was raised in the trial court[.]" Pa.R.A.P. 1925(b)(4)(v) (emphasis added).

> ***

> The text of these rules emphasizes that to be "subsidiary issues," the unstated issue must be "included" within the stated issue....Conversely, an unstated issue is not subsidiary when it is separate and distinct from the stated issue.

- 9 -

***Commonwealth v. Price***, 284 A.3d 165, 170-71 (Pa. 2022) (citations, quotation marks, and footnote omitted).

In the case *sub judice*, Appellant's court-ordered Rule 1925(b) statement made no reference to the trial court prematurely granting Progressive's motion for judgment on the pleadings or the trial court's failure to order additional discovery to resolve alleged disputed issues of material fact.[4]  ***See Price***, ***supra***. Consequently, we find Appellant has waived for appellate review her sole issue developed in her brief,[5] and, thus, we affirm.

Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/2023

---

[4] In its Rule 1925(a) opinion, which incorporated the June 29, 2022, opinion, the trial court concluded that, as a matter of law, Progressive was entitled to judgment on the pleadings.  The trial court did not address the issue raised in Appellant's brief regarding whether additional discovery was required to resolve disputed issues of material fact.

[5] In accordance with ***Price***, ***supra***, we conclude the issue raised in Appellant's brief is not a "subsidiary issue" of the issues presented in her Rule 1925(b) statement.  That is, whether the trial court should have ordered additional discovery to resolve disputed issues of material fact is not "included" within the issues raised by Appellant in her Rule 1925(b) statement; but rather, it is separate and distinct from the stated issues as set forth *supra*.